IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP, INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; BMG MUSIC, a New York general partnership; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>                Plaintiffs,<br><br>vs.<br><br>TOM BUFFINGTON,<br><br>                Defendant. | Civil No. 8:05CV543<br><br><br><br>JUDGMENT AND<br>PERMANENT INJUNCTION |

This matter is before the Court on the parties' Stipulation to Judgment and Permanent Injunction and the Notice regarding the Stipulation filed by Plaintiffs' counsel. (Filing Nos. 20 and 21). In the Notice, Plaintiffs' counsel explains that the original Stipulation was prepared by Plaintiffs' former counsel, was presented to Defendant Tom Buffington, and that at or about the same time as Plaintiffs' current counsel became involved in the case, Buffington executed the original Stipulation. Plaintiffs' current counsel filed the Notice to demonstrate his endorsement of the Stipulation and the Plaintiffs' consent and agreement to the terms of the Stipulation signed by the Defendant.[1]

The Court finds that the Defendant has been properly and validly served with the

---

[1] Attached to the Notice is a copy of the Stipulation bearing the Plaintiffs' counsel's signature. (Filing No. 21).

Summons and Complaint in this action, and that he is subject to the jurisdiction of the Court.

Having considered the Stipulation and Notice, the Court finds that the Plaintiffs have alleged that Buffington distributed (including by uploading) and/or reproduced (including by downloading) via the Internet or an online media distribution system copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17 U.S.C. § 501.  Without admitting or denying liability, Buffington does not contest Plaintiffs' allegations, and he has acknowledged that such conduct is wrongful.  By executing the Stipulation, Buffington has acknowledged that he had read the Stipulation to Judgment and Permanent Injunction, the proposed Judgment and Permanent Injunction, and that he has had the opportunity to have them explained by counsel of his choosing, and that he fully understands and agrees to be bound by them.

The Court finds that Buffington has irrevocably and fully waived notice of entry of the Judgment and Permanent Injunction, and that by signing the Stipulation, he has represented that he understands and agrees that any violation of the Judgment and Permanent Injunction may expose him to all penalties provided by law, including for contempt of court.  Buffington has also irrevocably and fully waived any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability;

Pursuant to the Stipulation and Notice, the parties agree that this Court may enter a final judgment and permanent injunction in favor of the Plaintiffs and against the Defendant.  Accordingly,

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Stipulation to Judgment and Permanent Injunction and Notice (Filing Nos. 20 and 21) are approved, and the relief requested therein shall be granted;

2. Judgment is entered in favor of the Plaintiffs Elektra Entertainment Group, Inc.; Capitol Records, Inc.; Sony BMG Music Entertainment; Arista Records, LLC; BMG Music; and UMG Recordings, Inc., and against the Defendant Tom Buffington as follows:

   A. Buffington shall pay to Plaintiffs in settlement of this action the sum of $8,750.00;

   B. Buffington shall pay to Plaintiffs the cost of the suit, including filing fee and service of process fee) in the amount of $250.00;

   C. Buffington shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

   i. using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of the Plaintiffs; or

   ii. causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned

or controlled by Defendant, to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs;

D. Buffington is directed to destroy all copies of Plaintiffs' Recordings that Defendant, and/or any third party who has used the Internet connection and/or computer equipment owned or controlled by him, has downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Buffington, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Buffington's possession, custody, or control;

E. The findings made above are incorporated into this Judgment and Permanent Injunction by this reference;

3. Buffington shall make no public statements that are inconsistent with any term of the Stipulation to Judgment and Permanent Injunction; and

4. Nothing contained in the Judgment and Permanent Injunction shall limit the Plaintiffs' right to recover damages for any and all infringements by Defendant of any right under federal copyright law or state law occurring after the date Defendant executed the Stipulation to Judgment and Permanent Injunction;

Dated this 8th day of May, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge